UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT E. HUEN                                                            CIVIL ACTION

VERSUS                                                                    NO. 08-1221

STATE OF LOUISIANA                                                        SECTION: "S"(1)

## REPORT AND RECOMMENDATION

Plaintiff, Robert E. Huen, a state inmate, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against the State of Louisiana.[1]  Plaintiff claims that, upon his release, he will be illegally required to comply with Louisiana's sex offender registration requirements.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] The complaint was originally filed in the United States District Court for the Middle District of Louisiana and was subsequently transferred to this Court.

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Broadly reading plaintiff's complaint,[2] the Court finds that the complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.[3]

As a preliminary matter, the Court notes that plaintiff has improperly sued the State of Louisiana. The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted).

Further, even if plaintiff had named a proper defendant, his underlying claim has no merit. In this lawsuit, plaintiff states that he was convicted of forcible rape in 1989. He essentially argues that it would violate the *Ex Post Facto* Clause of the United States Constitution to apply Louisiana's sex offender registration law, which was enacted long after his conviction, to him. He is wrong.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

Because Louisiana's sex offender registration law is nonpunitive, its retroactive application does not violate the *Ex Post Facto* Clause.  Moore v. Avoyelles Correctional Center, 253 F.3d 870 (5th Cir. 2001); Birdsong v. Laperouse, No. CIV A 1:06CV1037, 2006 WL 3240765 (W.D. La. Oct. 16, 2006) (Kirk, M.J.) (adopted by Drell, J., on Nov. 7, 2006); see also Smith v. Doe, 538 U.S. 84 (2003); Hall v. Attorney General, No. 07-40157, 2008 WL 474121 (5th Cir. Feb. 20, 2008); Kirschenhunter v. Sheriff's Office, 165 Fed. App'x 362, 363 (5th Cir.), cert. denied, 127 S.Ct. 255 (2006).[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[4]  In the statement of his claim, plaintiff references his rights to equal protection and against double jeopardy.  However, as United States Magistrate Judge Stephen C. Reidlinger correctly noted in his order transferring the matter to this Court, plaintiff's claim is in fact one under the *Ex Post Facto* Clause.  Nevertheless, out of an abundance of caution, the Court notes that such sex offender registration laws also do not run afoul of either the Equal Protection Clause or the Double Jeopardy Clause.  See, e.g., Steward v. Folz, 190 Fed. App'x 476, 479 (7th Cir. 2006); Johnson v. Terhune, 184 Fed. App'x 622, 624 (9th Cir. 2006); Doe v. Moore, 410 F.3d 1337, 1346-48 (11th Cir. 2005); Femedeer v. Haun, 227 F.3d 1244, 1254 (10th Cir. 2000); Cutshall v. Sundquist, 193 F.3d 466, 473-76 and 482-83 (6th Cir. 1999); Artway v. Attorney General, 81 F.3d 1235, 1267-68 (3rd Cir. 1996).

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of March, 2008.

                                                                                                                      **SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**